MEREDITH AND WIFE *vs.* HUGHES.

A husband is called upon to testify on an issue of *devisavit vel non*, where his wife takes an interest under the will if established by law, upon which his marital rights would attach ; he by deed conveys the whole interest in trust for the sole and separate use of his wife and children ; subsequently the wife relinquishes to her children. *Held,* That the wife had the right to execute the conveyance, and that the husband was thereby qualified to swear as a witness in the case. And further, that the wife being no party to the case, and her interest being determined, it did not violate the rule which forbids husbands and wives from testifying for or against each other.

Caveat to will, in Twiggs Superior Court. Tried before Judge LAMAR, March Term, 1859.

This was an appeal from the Ordinary, in the matter of propounding for probate the last will and testament of John W. Allen, deceased, late of the county of Twiggs. Wyatt Meredith and wife, who was the sister of decedent, filed their caveat to the probate of said will.

Upon the trial, propounder Daniel G. Hughes proved the due execution of the will by the subscribing witnesses, and read in evidence the same. He then offered and read in evidence the renunciation of James R. Combs, as one of the executors of said will; also his relinquishment of

his trusteeship in and under said will, for the children of Theophilus B. Booth, and the order of the Judge appointing Frank Scarborough trustee in his place, and Scarborough's acceptance of the trust ; and also the relinquishment of Combs to his wife and children of all right, title and interest in and under said will. .

Propounder then offered Combs as a witness. Caveators objected on the ground that he was incompetent, being called to support a will under which his wife took a legacy. After argument, but before the decision of the Court was pronounced on the objection, the witness was withdrawn.

Propounder then offered in evidence a release from Combs to.his wife and children, and at the same time, a relinquishment under seal, from Mrs. Combs to her children, all of whom were minors, of all her interest in and under the will.

To the introduction of which, caveators objected.

1. Because said relinquishment was without consideration, and therefore void.

2. Because being under coverture, Mrs. Combs could not make a valid relinquishment to her children.

3. Because by the paper, propounded as the will of John W. Allen, an estate is left to Miss Mary Booth for life, and at her death, without children, to her brothers and sisters, of whom Mrs. Combs is one ; that said Mary Booth has died, and Mrs. Combs' share or interest in remainder has vested in her husband, subject to her equity, and that she cannot convey, assign or relinquish that equity.

4. Because if Mrs. Combs can release or assign her interest, such release or assignment would not render her husband a competent witness, such release passing no right or interest to her children until the will is established, and the rule of law excluding the husband, still existing in all its force.

Meredith and Wife vs. Hughes.

The Court overruled the objection, and the releases and assignments were admitted and read to the jury, and counsel for caveators excepted. Caveators also excepted to the reading of said releases to the jury, on the ground that they were matters only for the consideration and decision of the Court upon the question of the competency of Combs as a witness upon the issue of *devisavit vel non.*

Propounders then withdrew the record, before offered and received in evidence, appointing Frank Scarborough trustee, and Combs' release to Scarborough, and again tendered Combs as a witness. Caveators again objected on the grounds before taken and stated.

The Court overruled the objection, and caveators excepted. Combs was then sworn and examined on the part of propounder, after which, and after reading the depositions of several other witnesses, propounder closed.

Caveators introduced no evidence, but requested the Court to charge the jury, "that where the disposition of his property by the testator is not consonant to his natural affections for his relations, and where it is obtained by parties materially interested and under circumstances which placed decedent under the power, control and influence of such parties, the absence of his near relations at the time the will was executed, there being no apparent necessity for haste, and their presence being of easy procurement, the will being written by a party taking a very large benefit under it, and in the presence only of the testator and another party taking the next greatest interest under it, are circumstances which the jury may consider, in connection with the neglect of the claims of relations, and an unaccountable benefaction in favor of mere strangers, as affording a presumption of fraud or circumvention in the procurement of the will, which is to be rebutted only by clear and direct proof of circumstances affording a contrary presumption:"

Which charge the Court gave as requested.

The jury found for the will, except the 10th and 11th clauses thereof, which they found to be void under the Acts of the General Assembly prohibiting the manumission of slaves.

Whereupon counsel for caveators tendered their bill of exceptions, assigning as error the rulings and decisions before stated and excepted to.

C. B. COLE, E. A. & J. A. NISBET, and ROCKWELL, KENNAN & CALDWELL, for plaintiffs in error.

J. L. HARRIS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

If J. R. Combs was a competent witness in this case, it is conceded that the will of John W. Allen, deceased, is sufficiently proven. Was his testimony admissible? The answer to this question depends upon the sufficiency of the releases executed by Combs' wife, in order to qualify him to testify.

The points ingeniously made and ably discussed by counsel, upon this branch of the case, are delicate and somewhat perplexed. Still after a full and somewhat careful examination of all the authorities cited, and others at our command, we feel constrained to let in the testimony of this witness.

It is not disputed but that Combs had the right to relinquish his interest under the will to his wife and children, but the power of Mrs. Combs to convey to her children all of her interest under the will of the testator, and under the release executed by her husband, so as to qualify him to testify in the case, is strenuously combatted. Without examining separately the four objections made and argued against the right of the wife to make the relinquishment which she did, we would state, as the judg-

Meredith and Wife vs. Hughes.

ment of the Court, that she had the right to release to her children all the interest which she acquired, whether *vested* or *reversionary.* And in support of this opinion, we refer to Clancey on Husband and wife, 2d American from the last London edition, from page 312 to the end of the chapter, where this whole doctrine and the cases upon which it is founded, are fully considered.

It will be found that it is only when dealing with her *husband* that a court of equity will see to it, by examination or otherwise, that the wife acts as a free agent. There is and can be no such necessity for interfering, when executing a conveyance to her children.

As to the impolicy of allowing husband and wife to testify for or against each other, while we fully recognize the rule, although it be "a creature of judicial parentage" and not of "positive law," still we cannot see its applicability in the present case. The wife's interest, whether under the will of John W. Allen, as a child of Booth, or as heir or distributee of her deceased sister, Mary Booth, had ceased before her husband was called upon to testify. Nor does his testimony relate back to any past act or declaration of hers. The issue is *devisavit vel non* as to John W. Allen's will, and we must think the principle invoked is wholly foreign to the question to be tried; and to which the husband was called as a witness. The wife's intesest was but prospective at best; and she had ceased to be a party even in interest, as to that.

What conjugal confidence would be violated, what matrimonial endearments impaired by the allowance of the proofs? We again confess our inability to appreciate the force of the reasoning upon which this exception is founded.

Judgment affirmed.